UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LIVIA M. SCOTTO,

        Plaintiff,

v.

COMPUTERSHARE, BASS AND ASSOCIATES,
PATTI BASS, JEFFREY NOORDHOEK,
NELNET INCORPORATION, WILLIAM MUNN,
MICHAEL DUNLAP, OFFICE OF THE CHANCELLOR,
COUNTY OF MAUI, UNIVERSITY OF
HAWAII, MAUI COMMUNITY COLLEGE,
U.S. DEPARTMENT OF EDUCATION, OFFICE
OF CIVIL RIGHTS, SEATTLE WASHINGTON,
U.S. DEPARTMENT OF TREASURY, and
U.S. DEPARTMENT OF STATE,

        Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-2403 (MKB)

---

LIVIA M. SCOTTO,

        Plaintiff,

v.

JESSICA M. MCCLEAN, VOLKS ANWALT
OF NEW YORK, U.S. DEPARTMENT OF STATE,
M. DYER & SONS, UNION BANK OF SUISSE,
BRICKELL BANK, CREDIT SUISSE, EUROPEAN
BANKING AUTHORITY, BANCO
ESPIRITOS SANTOS, MINISTRY
L'IMMIGRATION, and LUXEMBOURG
CONSULAR,

        Defendants.

19-CV-4755 (MKB)

---

---

LIVIA M. SCOTTO,

        Plaintiff,

    v.

UNITED STATES, JESSICA M. MCCLEAN, VOLTS ANWALT OF NEW YORK, JAMES K. FISHER, BEDELL FIRM, HENRY M. COXE III, PENTAGON FEDERAL CREDIT UNION, SOCIETE GENERALE, CREDIT SUISSE, UNION BANK SUISSE, BANK OF AMERICA, WELLS FARGO, BANK OF HAWAII, U.S. DEPARTMENT OF AGRICULTURE, U.S. DEPT OF EDUCATION, THE MEDERIOS TRUST, THE JONATHAN BEATTY TRUST, UNIVERSITY OF HAWAII, STATE FARM INSURANCE, MAIMONIDES MEDICAL CENTER, TRIPLER ARMY MEDICAL CENTER, PHYSICIANS OF MOUNT SINAI SCHOOL OF MEDICINE, BRANDON REGIONAL HOSPITAL, HCA WEST, CONSULATE HEALTHCARE, and DEPARTMENT OF VETERANS AFFAIRS,

        Defendants.

19-CV-5166 (MKB)

---

MARGO K. BRODIE, United States District Judge:

    Plaintiff Livia M. Scotto, proceeding *pro se*, commenced three above-captioned actions on April 11, 2019, August 9, 2019, and August 29, 2019, against the respective Defendants. (Compl. ("Compl. 2403"), No. 19-CV-2403, Docket Entry No. 1; Compl. ("Compl. 4755"), No. 19-CV-4755, Docket Entry No. 1.; Compl. ("Compl. 5166"), 19-CV-5166, Docket Entry No. 1.) The Court consolidates the actions and grants Plaintiff's applications to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) for the limited purpose of this Memorandum

and Order.[1]  (IFP Mot., No. 19-CV-2403, Docket Entry No. 4; IFP Mot., No. 19-CV-4755, Docket Entry No. 2; IFP Mot., No. 19-CV-5166, Docket Entry No. 4.)  For the reasons set forth below, the Court dismisses the Complaints.

I.   Discussion

   a.  **Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").  Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

---

[1] On May 1, 2019 and August 11, 2019, respectively, the Clerk of Court issued Notices of Deficient Filing as to Complaint 2403 and Complaint 5166 because Plaintiff failed to either pay the $400 filing fee or file a request to proceed IFP, (Notice of Deficient Filing, No. 19-CV-2403, Docket Entry No. 2; Notice of Deficient Filing, No. 19-CV-05166, Docket Entry No. 2), but on May 13, 2019 and September 25, 2019, respectively, Plaintiff filed IFP motions, (IFP Mot., No. 19-CV-2403, Docket Entry No. 4; IFP Mot., No. 19-CV-05166, Docket Entry No. 4).

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## b. Plaintiff fails to state a claim in any of the three Complaints

Complaint 2403 is incoherent, incomprehensible, and fails to state a claim that may be remedied by the Court. It does not include concrete allegations against any of the named Defendants and consists of a title page, interspersed blank pages, a news article on United Airlines, an excerpt of instructions on how to proceed before an appellate court, and an excerpt from a decision in a case no longer pending in the Eastern District of New York, *Schenker AG v. Societe Air France, et al.*, No. 14-CV-4711 (E.D.N.Y. dismissed Dec. 7, 2017). (*See generally* Compl. 2403.)

Complaint 4755 consists of 366 pages and is also nonsensical, incoherent, and fails to state a claim that may be remedied by the Court. It does not contain a statement of claim against any of the Defendants, consists of a random assortment of documents, and is impossible to follow as it contains various excerpts, attachments, duplicates, notices, receipts, and emails. (*See generally* Compl. 4755.)

Complaint 5166 consists of 141 pages and is similarly nonsensical and incoherent and fails to state a claim that may be remedied by the Court. It does not contain a statement of claim against any of the Defendants and consists of various excerpts, attachments, duplicates, notices, receipts, and emails. (*See generally* Compl. 5166.)

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him

to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted); *see Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *see also Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted); *see also Dettelis v. Sharbaugh*, 919 F.3d 161, 168 (2d Cir. 2019) ("Rule 8 of the Federal Rules of Civil Procedure 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)).

Dismissal of a complaint is appropriate where the complaint is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting *Simmons*, 49 F.3d at 86); *see also Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) ("Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (quoting *Salahuddin*, 861 F.2d at 42)).

Even under the most liberal reading of the each of the three Complaints, the Court cannot discern what legally cognizable harm Plaintiff has suffered. *See Trice v. Onondaga Cty. Justice Ctr.*, 124 F. App'x 693, 694 (2d Cir. 2005) (affirming the district court's dismissal where the plaintiff's second amended complaint was "incomprehensible, incomplete and technically deficient, consisting of one, rambling paragraph" and "containing over 550 lines . . . [of] incoherent allegations"); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming

dismissal of an "88-page, legal size, single spaced *pro se* complaint" that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension" and thus "failed to comply with the requirement of Rule 8"); *Kalter v. Hartford Ins. Co. of the Midwest*, 24 F. Supp. 3d 230, 235 (E.D.N.Y. 2014) (dismissing a complaint *sua sponte* because it contained "only broad, vague and generalized allegations" and thus failed to comply with Rule 8); *Henry v. Brown*, No. 14-CV-2828, 2014 WL 2112699, at *1 (E.D.N.Y. May 19, 2014) (dismissing a *pro se* complaint that alleged "no facts" to support a federal cause of action against the named defendant); *Fisch v. Consulate Gen. of Republic of Poland*, No. 11-CV-4182, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011) (dismissing a 476-page complaint that was "indisputably prolix and often unintelligible" because "[n]either this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought"). Accordingly, the Court dismisses the Complaints.

### c. The Court declines to afford Plaintiff an opportunity to amend the Complaints

While the Court would ordinarily grant Plaintiff leave to amend her Complaints to cure the identified deficiencies, any amendment in these cases would be futile and "[l]eave to amend may properly be denied if the amendment would be futile." *Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x 9, 15 (2d Cir. 2018) (citing *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)).

Based on the incomprehensible nature of the Complaints, as well as Plaintiff's litigation history (as set forth below), the Court finds that any amendment would be futile and denies Plaintiff leave to amend. *See Perry v. Mary Ann Liebert, Inc.*, 765 F. App'x 470, 473 (2d Cir. 2019) (affirming the district court's denial of leave to amend the plaintiff's complaint on futility grounds); *Clifton v. Office of Temp. Disability OTDA*, No. 15-CV-6806, 2016 WL 482021, at *2

(E.D.N.Y. Feb. 4, 2016) ("Whereas ordinarily the [c]ourt would allow [the] plaintiff an opportunity to amend . . . it need not afford that opportunity here where it is clear from plaintiff's submission and prior litigation history with the [c]ourt that he cannot state a plausible claim for relief. As such, any attempt to amend . . . would be futile."); *see also Glass v. U.S. Presidents since 1960*, No. 17-CV-3141, 2017 WL 4621006, at *4 (E.D.N.Y. Oct. 12, 2017) (finding that the plaintiff's amended complaint rose "to the level of irrational," and declining to afford the plaintiff an opportunity to further amend her complaint "given that the deficiencies therein [were] not such that could be cured by amendment").

    d. **Plaintiff's litigation history**

Plaintiff has a long history of filing similar actions in other courts. Indeed, Plaintiff has filed over fifty cases in federal courts[2] and is also the subject of several filing injunctions in

---

[2] *See, e.g.*, *Scotto v. M. Dyer & Sons*, No. 18-CV-1665, 2018 WL 4760791, at *1 (M.D. Fla. Aug. 7, 2018) (dismissing Plaintiff's complaint because she "fail[ed] to provide a basis for jurisdiction, a statement of the claim, or a statement regarding damages or relief"); *Scotto v. Foster*, No. 18-CV-1666, 2018 WL 8584157, at *1 (M.D. Fla. July 27, 2018) (finding that Plaintiff's complaint, consisting of a "cover sheet that appends a seemingly random assortment of other unexplained documents," did not comply with the Federal Rules of Civil Procedure); *Scotto v. McClean*, No. 17-CV-2730, 2018 WL 1886568, at *2 (M.D. Fla. Jan. 30, 2018) (dismissing Plaintiff's second amended complaint because her "allegations [were] disorganized, confusing, and repetitive, and [were] not relevant to any cause of action"); *Scotto v. CUC Int'l*, No. 07-CV-00213, 2007 WL 1341183, at *1 (D. Haw. May 3, 2007) (dismissing Plaintiff's complaint because the court could not "understand the . . . claims" since the allegations were "incomprehensible" and did not "create[] any factual basis for an actionable claim against any named defendant).

various courts.[3] To date, Plaintiff has filed thirteen Complaints, including the three that are the subject of this Order, in this Court.[4]

Plaintiff is cautioned that this Court will not tolerate frivolous litigation and that she may be subject to a filing injunction in this district should she continue to file similar actions in this Court. *Mendes da Costa v. Marcucilli*, No. 18-1859, 2019 WL 5618160, at *2 (2d Cir. Oct. 31, 2019) ("A district court may impose a leave-to-file sanction on 'litigants who abuse the judicial process,' such as by filing 'repetitive and frivolous suits.'" (quoting *Shafi v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996))); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a 'history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.'" (quoting *In re Martin–Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)).

---

[3] *See, e.g.*, *In re Livia M. Scotto*, No. 18-MC-62, at *2 (M.D. Fla. Aug. 6, 2018) (implementing a "pre-filing review" process to "deter [Plaintiff's] frivolous filings and to preserve the judiciary's resources"); *Scotto v. United States*, No. 16-CV-9125 (S.D.N.Y. Jan. 30, 2017); *In re Livia M. Scotto*, No. 11-MC-302 (D. Haw. Dec. 14, 2011).

[4] *See Scotto v. State of Hawaii*, No. 19-CV-5167 (E.D.N.Y. filed Aug. 9, 2019); *Scotto v. New York Univ.*, No. 19-CV-04756 (E.D.N.Y. filed Aug. 9, 2019); *Scotto v. New York Univ.*, No. 19-CV-701 (E.D.N.Y. dismissed Nov. 20, 2019); *Scotto v. United States*, No. 19-CV-901 (E.D.N.Y. dismissed Nov. 20, 2019); *Scotto v. Maimonides Hosp.*, No. 19-CV-2821 (E.D.N.Y. filed May 3, 2019); *Scotto v. McClean*, No. 19-CV-2443 (E.D.N.Y. appeal docketed July 26, 2019); *Scotto v. Noordhoek*, No. 19-CV-2444 (E.D.N.Y. appeal docketed Aug. 29, 2019); *Scotto v. Bass & Assoc.*, No. 19-CV-2445 (E.D.N.Y. dismissed July 30, 2019); *Scotto v. Societe Air France*, No. 19-CV-2446 (E.D.N.Y. appeal docketed Aug. 29, 2019); *Scotto v. Societe Air France*, No. 18-CV-7242 (E.D.N.Y. appeal docketed May 13, 2019).

## II. Conclusion

For the reasons set forth above, the Court dismisses the three above-captioned Complaints pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close the three consolidated actions.

Dated: November 25, 2019
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge